**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00308-CR**
**NO. 09-22-00309-CR**

_____

**TYREE JACOBY ALLEN PATTERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause Nos. 21DC-CR-00623 and 21DC-CR-00624**

_____

**MEMORANDUM OPINION**

Appellant Tyree Jacoby Allen Patterson was convicted in two trial causes of burglary of a habitation with the attempt to commit the felony offense of sexual assault, a first-degree felony. *See* Tex. Penal Code Ann. § 30.02(d). Both indictments included an enhancement paragraph and a habitual-offender paragraph. *See id.* § 12.42. The indictments alleged that both offenses occurred on the same date and

1

at the same home, and there was evidence before the jury that Patterson attempted sexual assault against two people—the homeowner and the homeowner's mother.

Patterson pleaded "not guilty" in both trial causes, but the jury found Patterson guilty in both causes. Patterson pleaded "not true" to the enhancement and habitual paragraphs, and after a hearing on punishment, the jury found the enhancement and habitual allegations "true" and sentenced Patterson to fifty-five years of confinement in each cause. The trial court ordered the sentences to run concurrently. Patterson timely filed notices of appeal in each trial cause.

Patterson's appellate counsel filed briefs that present counsel's professional evaluation of the record, and the appellate counsel concludes the appeals are without merit and that there are no meritorious issues for appeal and no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 14, 2023, we granted an extension of time for Patterson to file pro se briefs, and Patterson filed pro se briefs in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and also a pro se brief, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new

2

counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record in both cases, counsel's briefs, and Patterson's pro se briefs, and we have found no reversible error, and we conclude the appeals are wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The *Anders* briefs assert that the trial court assessed court costs of $400 in both trial causes even though the cases were tried together. A review of the "Felony Court Cost" sheet for each case shows that the fees of $400 charged in trial cause 21DC-CR-00623 were also assessed in trial cause number 21DC-CR-00624. Where a criminal defendant is convicted of two or more offenses in the same action, the trial court may assess each court cost or fee only once. *See* Tex. Code Crim. Proc.

3

Ann. art. 102.073(a). Therefore, the records show that $400 of the costs are duplicative. We affirm the judgment in trial cause number 21DC-CR-00623. And we modify the judgment in trial cause number 21DC-CR-00624 to delete the $400 in court costs and affirm that judgment as modified. *See* Tex. R. App. P. 43.2(b) (An appellate court may modify the trial court's judgment and affirm the judgment as modified); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (a court of appeals may modify the judgment of the court below by correcting or reforming it).[1]

AFFIRMED; AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on August 14, 2023
Opinion Delivered August 30, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Patterson may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.